# Case No. 15,607.

UNITED STATES v. The LION. SAME v. The MAHALA. SAME v. The METEOR.

[1 Spr. 399.] 1

District Court, D. Massachusetts. April, 1858.

PRACTICE IN ADMIRALTY—FORFEITURE—OWNERS—SECURITY FOR COSTS.

1. In a libel in rem for a forfeiture, after a default, there must be some hearing, before a decree of forfeiture.

[Distinguished in Miller v. U. S., 11 Wall. (78 U. S.) 302. Approved in dissenting opinion in Miller v. U. S.. 11 Wall. (78 U. S.) 327, and in dissenting opinion in Tyler v. Defrees, 11 Wall. (78 U. S.) 354. Cited in U. S. v. Clarke, 20 Wall. (87 U. S.) 112; U. S. v. The Mollie, Case No. 15,795.]

2. This may be by merely examining the libel and the return of the marshal, and evidence that the owners had actual notice, and had wilfully made default, having knowledge of material facts.

[Cited in Miller v. U. S., 11 Wall. (78 U. S.) 302. and in dissenting opinion in Miller v. U. S.. 11 Wall. (78 U. S.) 327; U. S. v. Clarke, 20 Wall. (87 U. S.) 112; U. S. v. The Mollie, Case No. 15,795.]

3. Upon suggestion that the owners were unable to give security for costs. the court required an affidavit of ownership, inability and merits, before it would require the government to make further proof of the allegations of the libel.

4. The libel having been dismissed, the owner was allowed to intervene as claimant, without giving security.

5. In such case. the vessel, or if it is sold, the proceeds, will be delivered to the claimant free of cost.

These were three libels of information against fishing vessels, alleging that they became forfeited by violations of law in obtaining the fishing bounty. The owners did not

1 [Reported by F. E. Parker. Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

put in a claim and give stipulations for costs, as required by the admiralty rule, to entitle them to be recognized as parties, and there was, consequently, no appearance by any claimant. Mr. Hallett and Mr. Scudder, as amici curiæ, suggested that the owners, from poverty, were unable to give security for costs, and requested the court to require the government to produce full proof of the allegations in the libel. This was resisted by Mr. Woodbury, district attorney, who contended that as there was no appearance, there must be a default, and a decree of forfeiture, if the libel set forth a prima facie case.

SPRAGUE, District Judge, said, in substance, that the owners could not be recognized as parties, without putting in a claim, and giving security for costs. A default, therefore, had been properly entered. It is contended, by the district attorney, that condemnation follows of necessity upon default, without a hearing, and such was the requirement of Collection Act 1790, c. 35, § 67 [1 Stat. 176], as to the forfeitures therein referred to. But thes. prosecutions are founded upon St. 1813. c. 35, § 6 [3 Stat. 51], which expressly refers to St. 1799, c. 22 [1 Stat. 695], for the mode of prosecution, the eighty-ninth section of which provides that after a default, "the court shall proceed to hear and determine the cause according to law." This makes it imperative that there shall be some hearing before a decree of forfeiture, but to what extent must depend upon the circumstances of the case. The court will at least examine the allegations of the libel, to see if they are sufficient in law, and the return of the marshal, and such affidavit or affidavits as the district attorney shall submit. Where it appears that the owners have had full notice of the proceedings, and ample opportunity to intervene, and have voluntarily declined to do so, slight additional evidence will be sufficient. Indeed a wilful omission by the owners to answer, and thereby make disclosure as to material facts within their knowledge, might, of itself, satisfy the court that a forfeiture should be decreed. But the court will require the prosecutor to introduce full proof of the allegations in the libel, whenever the circumstances shall make it reasonable.

In the present case, it is suggested that the owners have a good defence, but are unable to give the security which, by the rules of the court, is necessary to entitle them to be recognized as parties. I am disposed to listen to this suggestion, and to require the district attorney to produce further evidence, if the owners shall file an affidavit of ownership, inability, and merits. The affidavit must be equivalent to a claim and answer, and must fully set forth the grounds of defence. If such affidavit were not required, an owner who had given no security for costs and entered no appearance, might have an undue advantage, by requiring the govern-

ment, upon a mere suggestion to the court, to prove allegations which, if an answer were put in, the party would be compelled to admit. Further proceedings were then postponed, to give time to the owners to file such affidavit. Afterwards, upon motion of the district attorney, pursuant to an arrangement made out of court, a default and decree of forfeiture was entered against the Mahala and the Meteor, and the libel against the Lion was dismissed, with a certificate of reasonable cause

Some time before this decree, the Lion had been sold under an order of court, upon an application made by the district attorney, on the ground that the expenses of holding her in custody were greatly disproportionate to her value, and the marshal had paid the net proceeds into court, having previously deducted $101 for his expenses and fees. After the decree dismissing the libel, Hallett and Scudder moved the court that John L. Lombard, the owner of the Lion, might be permitted to intervene and claim the proceeds, without giving a stipulation with surety, which motion was allowed, there being no other claimant of the proceeds, and no contestation upon which costs could arise. The proctors for the claimant then made a motion, that the marshal be ordered to pay into the registry the residue of the gross proceeds of the sale, that is, the $101 which he had deducted for expenses and fees. The court held, that it appearing by the discontinuance of the libel that the vessel was innocent, the expenses created by the government in the prosecution against her should be borne by the government. That were she now in the custody of the marshal, the court would order her to be delivered to the owner, without charge. Having been sold, the proceeds were substituted for the vessel. The sale was not made for the benefit of the owner, he had not intervened, and could not have been liable for the expenses of custody. The sale was merely to relieve the government from the burden of keeping, and the expense of the sale should not be deducted from the proceeds, which belonged to the owner. The motion was granted, and an order made on the marshal to pay the residue of the gross proceeds into the registry, and then the whole was ordered to be paid to the claimant.